Helen **COOPER** for Bert and Curtis **COOPER**, SSN: 223–62–5985, Plaintiff,

v.

Louis W. **SULLIVAN**, Secretary of Health and Human Services, Defendant.

Civ. A. No. 90–0070–A.

United States District Court, W.D. Virginia, Abingdon Division.

July 30, 1991.

**206**

Larry G. Browning, Lebanon, Va., for plaintiff.

Jean M. Barrett, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

Plaintiff filed this action challenging the final decision of the Secretary of Health and Human Services denying plaintiff's claim for child's insurance benefits and mother's insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 402(d)(1) and 402(b)(1), respectively.

■ This review is limited to a determination as to whether there is substantial evidence to support the Secretary's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Secretary must be affirmed. *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a

preponderance." *Id.* at 642. *See Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

In an opinion which now stands as the final decision of the Secretary, the Social Security Administration's Appeal Council, in adopting the decision of an Administrative Law Judge (ALJ), found that plaintiff was not entitled to benefits under the Act. Specifically, the ALJ held that Bert Cooper and Curtis Cooper were not the children of Charles Cooper, the deceased wage earner, as defined under 42 U.S.C. § 416(e). The ALJ then concluded that Helen Cooper was not a "surviving divorced mother" as defined under 42 U.S.C. § 416(d)(3).

Charles Cooper and Helen Cooper were married on November 27, 1970 and separated in October, 1972. Bert Cooper was born on August 1, 1973, and Curtis Cooper was born on May 22, 1975. Helen Cooper and Charles Cooper were not divorced until January 7, 1977 pursuant to a final decree of divorce entered by the Circuit Court of Buchanan County, Virginia. Charles Cooper was the insured wage earner, and he died on July 12, 1987.

This final decree of divorce recited that Bert Cooper and Curtis Cooper were born to Helen Cooper but that Charles Cooper was not the "actual father of said infant children." (Record at 60). Helen Cooper did not have legal representation in this divorce proceeding although Charles Cooper did. It is also apparent from the final decree of divorce that a guardian *ad litem* was not appointed for either of the infant children nor were they parties to the proceeding.

It is obvious that the ALJ's decision rested primarily upon the state court's finding in the divorce decree that Charles Cooper was not the father of the two infant children. In his brief, the Secretary recognizes that under Virginia law a presumption exists in favor of the legitimacy of a child born in wedlock, but the Secretary argues that since Helen Cooper "has not presented any evidence other than her own self-serving statements,[1] the divorce decree

---

**1.** The statements referred to were Helen Cooper's testimony at the administrative hearing

provides ample evidence to rebut the presumption that Charles Cooper is the father of her children." (Brief for defendant at 7). The Secretary takes the position that the finding of the Circuit Court of Buchanan County is conclusive on the issue of paternity and that it cannot be relitigated in this proceeding.

To establish entitlement to child's benefits, Bert Cooper and Curtis Cooper must show that they are the children of Charles Cooper, the insured wage earner. 42 U.S.C. § 402(d)(1). To be entitled to mother's benefits as a surviving divorced spouse, Helen Cooper must establish that she has in her care the insured's children who are under the age of sixteen or who are disabled, and who are entitled to child's benefits on the insured's record. 42 U.S.C. § 402(b)(1).

[redacted] In determining whether Bert Cooper and Curtis Cooper are the children of the deceased wage earner, the Secretary must apply the state law in effect where the individual was domiciled at the time of his death. 42 U.S.C. § 416(h)(2)(A); 20 C.F.R. § 404.354. A person is the insured's natural child if the child could inherit the insured's personal property under state law. 20 C.F.R. § 404.354.[2] In this case, Charles Cooper was domiciled in the Commonwealth of Virginia at the time of his death; therefore, Virginia law should determine whether Bert Cooper and Curtis Cooper are the children of Charles Cooper. Virginia law persuades this court that the circuit court's finding regarding paternity does not bar these children from asserting that they are the natural children of Charles Cooper for the purpose of obtaining a child's benefit under the Act.

In *Com., Dept. of Social Services, Div. of Child Support Enforcement ex rel. Gray v. Johnson,* 7 Va.App. 614, 376 S.E.2d 787 (1989), the court ruled that *res judicata* would not bar a child from relitigating a paternity issue when the child was not a party to the first proceeding. The mother of the children in *Johnson* had filed a support petition against the alleged father, but they were not parties to that proceeding nor was a guardian *ad litem* appointed to represent them. The alleged father denied the paternity of one of the children, and the court only ordered support for the other child. The mother, two years later, filed a second child support petition, and the lower court dismissed the action on the basis of *res judicata.* The Court of Appeals of Virginia found that "[t]he generally prevailing rule is that the parent-child relationship does not establish privity, and a child is therefore not bound by a judgment against his parent." *Id.* at 620, 376 S.E.2d at 790 (citing Note, *Privity Preclusions and the Parent Child Relationship,* 1977 B.Y.U.L.Rev. 612, 621 (1977)). The court held "that a mother and child are not in privity when the prospective rights of a minor child to establish paternity are at issue, and the child is not bound by a paternity determination unless the child is formally named a party, represented by a guardian *ad litem* and given an adequate opportunity to litigate the issue." *Id.* The court allowed the proceeding to go forward in regard to the child but held that a claim based on the mother's rights was barred by *res judicata.*

[redacted] Virginia law presumes the legitimacy of children born in wedlock. *Gibson v. Gibson,* 207 Va. 821, 153 S.E.2d 189 (1967). This places the burden of proving that Bert Cooper and Curtis Cooper were illegitimate on the Secretary. Since *Johnson* does not bind a child to a paternity adjudication in which the child was neither a party nor represented, the ALJ was precluded from

that she agreed in the divorce proceedings that Charles Cooper was not the father of her children because of his threats to her.

2. The Secretary argues that none of the items of proof required to establish paternity are present in this case, namely that "the insured has either acknowledged in writing that [the claimant is] his or her child, been decreed by a court to be [the claimant's] father or mother, or been ordered by a court to contribute to [the claimant's] support because [the claimant is] his or her child." 20 C.F.R. § 404.355(c). However, this section is not applicable because it is concerned with proving paternity when a claimant's mother or father has not married the insured. In this case, Helen and Charles Cooper were married when both of these children were born.

using the paternity findings in Helen Cooper's divorce decree as evidence that Charles Cooper was not the father of these children. Therefore, the court does not find "substantial evidence" supporting the Secretary's denial of Bert Cooper's and Curtis Cooper's claim for a child's benefit. Although there is other evidence in the record regarding the paternity issue, such as Charles Cooper's denial that he had minor children when he applied for disability benefits in 1981, Helen Cooper's testimony that after separating, she and Charles Cooper continued to be together, and Charles Cooper being named as Bert's father on the birth certificate, it is clear that the ALJ relied primarily on the inadmissable evidence of the divorce decree to determine paternity. For this reason, the court finds "good cause" to remand the claim for child's benefits to the Secretary for further development and consideration.

■ The ALJ, however, properly admitted Helen Cooper's divorce decree when he determined her claim since she was a party to the divorce hearing. Therefore, the court finds "substantial evidence" supporting the Secretary's final decision on her claim, and summary judgment will be granted for the defendant on the mother's insurance benefits claim.